UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GARY SAWYER,

        Plaintiff,

v.                                Case No.:

PASCO COUNTY SCHOOL
BOARD,

        Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, GARY SAWYER ("Plaintiff" or "Mr. Sawyer"), hereby sues Defendant, PASCO COUNTY SCHOOL BOARD ("Defendant" or "School Board"), and alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), and age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA"), seeking compensatory damages.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has personal jurisdiction over Defendant because it operates in Pasco County, Florida.

4.    Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices alleged herein occurred in Pasco County, Florida.

5.    All conditions precedent to the institution of this action have been fulfilled, including the timely filing of a charge of discrimination with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations.

## PARTIES

6.    Plaintiff is a sixty-nine (69)-year-old male who, at all times material, resided in Pasco County, Florida and was employed by Defendant.

7.    Defendant is an employer within the meaning of Title VII and the ADEA and, at all times material, operated in Pasco County, Florida.

## FACTUAL ALLEGATIONS

8.    Plaintiff, Mr. Sawyer, formerly worked for Defendant in a Director position but was required to separate employment due to DROP.

9.    Subsequently, Defendant had a vacant Director role and actively recruited Mr. Sawyer for the position, asking him to leave the employment he then had at Manatee County School Board.

10.    Mr. Sawyer accepted the job offer and was rehired by Defendant as the Director of Transportation Services.

11.    At all material times, Mr. Sawyer maintained excellent performance reviews and met or exceeded Defendant's legitimate performance expectations.

12.    In early November 2025, Mr. Sawyer was advised by Defendant that he would be demoted from his Director role effective January 5, 2026.

13.    On November 13, 2025, Mr. Sawyer promptly requested a meeting to object to the planned demotion.

14.    On or about November 20, 2025, Defendant's Chief Operations Officer, Dr. Lori Romano ("Dr. Romano"), acknowledged that Mr. Sawyer had objected to the planned demotion and that he never committed to resigning or to being demoted at the end of the 2025-2026 or 2026-2027 school year.

15.    Despite acknowledging that objections had been made, Dr. Romano failed to address any of them.

16.    Nonetheless, Dr. Romano, in her November 20, 2025, email, suggested that the time was right to engage in **immediate** "succession planning."

17.    On information and belief, Defendant's "succession planning" was directed only at Mr. Sawyer's position.

18.    On November 20, 2025, Mr. Sawyer responded to Dr. Romano and reiterated that he objected to Defendant's demotion plans. Mr. Sawyer also explained that there was no need for "succession planning" because he had never announced any intention to leave employment or retire.

19. At all material times, Mr. Sawyer had no intention of stepping down or retiring. Mr. Sawyer enjoyed working, was in excellent physical and mental health, and planned to work until he was seventy-five (75) years of age or older.

20. Mr. Sawyer never provided any notice indicating an intent to retire or to change positions.

21. Shortly after the November 20, 2025 email exchange, Dr. Romano and other agents of Defendant repeatedly tried to pressure Mr. Sawyer to disclose his future employment plans and encouraged him to retire.

22. On or about January 5, 2026, Mr. Sawyer was demoted from his role as Director of Transportation Services to a Coordinator role.

23. On information and belief, School Board's policy requires any decision to step down or retire to be reduced to writing.

24. At no point did Mr. Sawyer agree to step down from his position.

25. Mr. Sawyer was replaced as Director by a significantly younger female employee who had formerly been his subordinate.

26. On information and belief, Defendant preselected that individual for Mr. Sawyer's role before the position became vacant.

27. On information and belief, Defendant altered the qualifications necessary for the Director of Transportation Services role to make the replacement qualified. Specifically, Defendant eliminated a college degree requirement and

substituted it with work experience in lieu.

28. On information and belief, Mr. Sawyer's Coordinator position was makeshift and lacked any established job description or duties.

29. Mr. Sawyer was given no legitimate reason for the discrimination and demotion.

30. On April 2, 2026 Mr. Sawyer executed a Charge of Discrimination with the EEOC alleging age and sex discrimination and retaliation.

31. On April 7, 2026 Mr. Sawyer, through his counsel, sent Defendant a demand letter regarding the allegations contained within the Charge of Discrimination.

32. On June 5, 2026, Defendant informed Mr. Sawyer that his employment contract would not be renewed for the 2026-2027 school year.

33. Defendant stated the reason for Mr. Sawyer's non-renewal was "overfill of [the] position" he occupied.

34. Defendant's stated reason for terminating Mr. Sawyer was pretextual and not the true reason for its decision.

35. Mr. Sawyer's position was "overfilled" because Defendant fabricated a "Coordinator of Transportation Services" position for the sole purpose of unlawfully demoting Mr. Sawyer so it could promote a significantly younger female employee to the Director role he previously held.

36.    As a direct and proximate result of Defendant's wrongful discharge, Mr. Sawyer suffered lost wages, lost benefits, emotional distress, and other damages.

## COUNT I - AGE DISCRIMINATION IN VIOLATION OF THE ADEA
### (Unlawful Demotion Based on Age)

37.    Plaintiff realleges paragraphs 1 through 36 as if fully set forth herein.

38.    At all relevant times, Plaintiff was at least 40 years old and was therefore within the class protected by the ADEA.

39.    Defendant subjected Plaintiff to an adverse employment action by demoting him from Director of Transportation to a Coordinator role.

40.    Defendant replaced Plaintiff with a new Director, who was substantially younger than Plaintiff.

41.    Defendant's decision to replace Plaintiff with a substantially younger person, together with the surrounding circumstances, supports an inference that Plaintiff's age was a motivating factor in Defendant's decision to demote him.

42.    Defendant's stated "succession planning" and repeated retirement pressure, through its agents, also support an inference that age was a motivating factor in the decision to demote Plaintiff.

43.    As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered damages including lost wages, lost benefits, emotional distress, reputational injury, and other damages recoverable under law.

**WHEREFORE**, Plaintiff requests this Honorable Court to:

A.    Grant Plaintiff an award of back-pay, front-pay, compensatory damages, and attorney's fees and costs.

B.    Grant Plaintiff a trial by jury and such further relief as the Court deems just and equitable.

## COUNT II - AGE DISCRIMINATION IN VIOLATION OF THE ADEA
### (Failure to Renew Employment Contract Based on Age)

44.    Plaintiff realleges paragraphs 1 through 43 as if fully set forth herein.

45.    Defendant subjected Plaintiff to an adverse employment action by failing to renew his employment contract for the 2026-2027 school year on June 5, 2026.

46.    Defendant replaced Plaintiff with a new Director who was substantially younger than Plaintiff.

47.    Defendant's decision to replace Plaintiff with a substantially younger person, together with the surrounding circumstances, supports an inference that Plaintiff's age was a motivating factor in Defendant's decision to terminate his employment.

48.    Defendant's stated "succession planning" and repeated retirement pressure, through its agents, also support an inference that age was a motivating factor in the decision to wrongfully discharge Plaintiff.

49.    As a direct and proximate result of Defendant's unlawful conduct, Plaintiff

suffered damages including lost wages, lost benefits, emotional distress, reputational injury, and other damages recoverable under law.

**WHEREFORE**, Plaintiff requests this Honorable Court to:

    A.    Grant Plaintiff an award of back-pay, front-pay, compensatory damages, and attorney's fees and costs.

    B.    Grant Plaintiff a trial by jury and such further relief as the Court deems just and equitable.

### COUNT III - SEX DISCRIMINATION
### IN VIOLATION OF TITLE VII
**(Unlawful Demotion Based on Sex)**

50.    Plaintiff realleges paragraphs 1 through 49 as if fully set forth herein.

51.    Plaintiff is male and is therefore a member of a protected class under Title VII based on sex.

52.    Defendant subjected Plaintiff to an adverse employment action by demoting him from Director of Transportation to a Coordinator role.

53.    Defendant replaced Plaintiff with a new Director who is of the opposite sex from Plaintiff and who was formerly his subordinate.

54.    Defendant's decision to replace Plaintiff with an employee of the opposite sex, together with the surrounding circumstances, supports an inference that Plaintiff's sex was a motivating factor in Defendant's decision to demote him.

55.    Plaintiff was qualified for his Director role, performed satisfactorily, and

was treated less favorably than a similarly situated female replacement.

56.    As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered damages including lost wages, lost benefits, emotional distress, reputational injury, and other damages recoverable under law.

**WHEREFORE**, Plaintiff requests this Honorable Court to:

A.    Grant Plaintiff an award of back-pay, front-pay, compensatory damages, and attorney's fees and costs.

B.    Grant Plaintiff a trial by jury and such further relief as the Court deems just and equitable.

### COUNT IV - SEX DISCRIMINATION IN VIOLATION OF TITLE VII
**(Failure to Renew Employment Contract Based on Sex)**

57.    Plaintiff realleges paragraphs 1 through 56 as if fully set forth herein.

58.    Defendant subjected Plaintiff to an adverse employment action by failing to renew his employment contract for the 2026-2027 school year on June 5, 2026.

59.    Defendant replaced Plaintiff with a new Director, who is of the opposite sex from Plaintiff and who was formerly his subordinate.

60.    Defendant's decision to replace Plaintiff with an employee of the opposite sex, together with the surrounding circumstances, supports an inference that Plaintiff's sex was a motivating factor in Defendant's decision to demote him.

61.    Plaintiff was qualified for his Director role, performed satisfactorily, and

was treated less favorably than a similarly situated female replacement.

62.    As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered damages including lost wages, lost benefits, emotional distress, reputational injury, and other damages recoverable under law.

WHEREFORE, Plaintiff requests this Honorable Court to:

A.    Grant Plaintiff an award of back-pay, front-pay, compensatory damages, and attorney's fees and costs.

B.    Grant Plaintiff a trial by jury and such further relief as the Court deems just and equitable.

### COUNT V- RETALIATION
### IN VIOLATION OF TITLE VII
### (Failure to Renew Employment Contract)

63.    Plaintiff realleges paragraphs 1 through 62 as if fully set forth herein.

64.    Plaintiff engaged in protected activity when he executed a Charge of Discrimination on April 2, 2026 with the EEOC objecting to sex discrimination and retaliation.

65.    Defendant was aware of Plaintiff's protected complaint through its supervisory personnel and agents. Plaintiff informed Defendant of his objections through the Charge of Discrimination dated April 2, 2026 and a Demand Letter sent through his counsel dated April 7, 2026.

66.    Defendant thereafter informed Plaintiff it would not renew his

employment for the 2026-2027 school year, an adverse employment action.

67. The temporal proximity between Plaintiff's objections and the discharge, along with a pretexual reason that his position was "overfilled", supports a causal connection between the protected activity and the adverse action.

68. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered damages.

**WHEREFORE**, Plaintiff requests this Honorable Court to:

　　A. Grant Plaintiff an award of back-pay, front-pay, compensatory damages, and attorney's fees and costs.

　　B. Grant Plaintiff a trial by jury and such further relief as the Court deems just and equitable.

**COUNT VI- RETALIATION**
**IN VIOLATION OF ADEA**
**(Failure to Renew Employment Contract)**

69. Plaintiff realleges paragraphs 1 through 68 as if fully set forth herein.

70. Plaintiff engaged in protected activity when he executed a Charge of Discrimination on April 2, 2026 with the EEOC objecting to age discrimination and retaliation.

71. Defendant was aware of Plaintiff's protected complaint through its supervisory personnel and agents. Plaintiff informed Defendant of his objections through the Charge of Discrimination dated April 2, 2026 and a Demand Letter

sent through his counsel dated April 7, 2026.

72.    Defendant thereafter informed Plaintiff it would not renew his employment for the 2026-2027 school year, an adverse employment action.

73.    The temporal proximity between Plaintiff's objections and the discharge, along with a pretexual reason that his position was "overfilled", supports a causal connection between the protected activity and the adverse action.

74.    As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered damages.

WHEREFORE, Plaintiff requests this Honorable Court to:

    A.    Grant Plaintiff an award of back-pay, front-pay, compensatory damages, and attorney's fees and costs.

    B.    Grant Plaintiff a trial by jury and such further relief as the Court deems just and equitable.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands trial by jury as to all claims so triable.

/s/ Craig L. Berman

Craig L. Berman
Fla. Bar No. 068977
BERMAN LAW FIRM, P.A.
111 Second Avenue NE, Suite 706
St. Petersburg, FL 33701
727-550-8989
craig@bermanlawpa.com

**ATTORNEY FOR PLAINTIFF**