UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GARY SAWYER,

Plaintiff,

v. Case No. 8:26-cv-1861-VMC-CPT

PASCO COUNTY SCHOOL BOARD,

Defendant.
_______________________________/

**ORDER**

This matter is before the Court on consideration of Defendant Pasco County School Board's Motion to Partially Dismiss Plaintiff's Complaint (Doc. # 10), filed on July 23, 2026. Plaintiff Gary Sawyer responded on August 24, 2026. (Doc. # 18). The Motion is granted.

## I. Legal Standard

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, the Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of

Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). But,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004), abrogated on other grounds by Twombly, 550 U.S. 544.

## II. Discussion

Mr. Sawyer asserts six claims against his former employer, the Pasco County School Board: age discrimination in violation of the Age Discrimination in Employment Act (ADEA) (Counts I-II), sex discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII) (Counts III-IV), retaliation in violation of Title VII (Count V), and

retaliation in violation of the ADEA (Count VI). (Doc. # 1). The complaint alleges that all "conditions precedent to the institution of this action have been fulfilled, including the timely filing of a charge of discrimination with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations." (Id. at 2).

But the School Board insists that Mr. Sawyer has not exhausted his administrative remedies for the Title VII claims. (Doc. # 10). According to the School Board, Mr. Sawyer "failed to allege that either the EEOC or FCHR ever issued him a [notice of right to sue]" and, in fact, "the EEOC has not issued a notice of right to sue and their investigation remains open." (Id. at 6).

"It is well settled that before bringing a Title VII suit in federal court, an aggrieved employee must file a charge of discrimination with the EEOC *and* obtain a right-to-sue letter." Ferrari v. E-Rate Consulting Servs., 655 F. Supp. 2d 1194, 1201 (M.D. Ala. 2009) (emphasis added); see Forehand v. Fla. State Hosp. at Chattahoochee, 89 F.3d 1562, 1567 (11th Cir. 1996) ("Before instituting a Title VII action in federal district court, a private plaintiff must file an EEOC complaint against the discriminating party and receive statutory notice from the EEOC of his or her right to sue the

respondent named in the charge."). "[R]eceipt of a right-to-sue letter is not a jurisdictional prerequisite to suit, but rather, is a statutory precondition which is subject to equitable modification." Forehand, 89 F.3d at 1569–70. "A claim filed without the letter is subject to dismissal, unless reasons exist to equitably modify the condition." Williams v. Fla., No. 5:00 CV 12 SPM, 2000 WL 799729, at *2 (N.D. Fla. May 10, 2000), aff'd sub nom. Williams v. Moore, 265 F.3d 1066 (11th Cir. 2001).

Here, Mr. Sawyer admits that he has not yet received a right-to-sue letter. (Doc. # 18 at 6, 14). And he offers no reason to equitably modify this statutory precondition. See Forehand, 89 F.3d at 1571 (noting that "the burden of proof with respect to equitable modification" belongs to the plaintiff). It is therefore appropriate to dismiss the Title VII claims without prejudice. See Barclay v. First Nat. Bank of Talladega, No. 1:14-cv-01573-KOB, 2014 WL 5473829, at *7 (N.D. Ala. Oct. 28, 2014) (dismissing without prejudice "Title VII failure to promote claim" because it had "not yet been administratively exhausted because [plaintiff] has not received a right to sue letter for her 2011 EEOC charge"); Moore v. Ga. Dep't of Corr., No. 4:13-cv-228, 2014 WL 4776714, at *3 (S.D. Ga. Sept. 15, 2014) ("Moore has neither alleged

that she has a right-to-sue letter, nor that she has yet to receive a right-to-sue letter for Charge 93C. In circumstances such as these, the proper course for the Court to take is to dismiss the charges predicated on Charge 93C without prejudice to allow time for Moore to receive a right-to-sue letter, if she has not yet received one, or to otherwise provide a right-to-sue letter that is not time barred.").

Accordingly, it is hereby

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Defendant Pasco County School Board's Motion to Partially Dismiss Plaintiff's Complaint (Doc. # 10) is **GRANTED**.

(2) The Title VII claims (Counts III, IV, and V) are dismissed without prejudice.

(3) Defendant is directed to file its answer to the remaining claims within 14 days of this Order.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 25th day of August, 2026.

Virginia M. Hernandez Covington

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE